DAVID A. BOONE, ESQ., #74165
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Phone (408) 291-6000
Fax (408) 291-6016

Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

JAMSHID DARYANABARD,

                Debtor(s).

Case No. 19-52067 SLJ

Chapter 13

Date: February 11, 2020
Time: 10:00 AM
Place: 280 S. First St., Courtroom 9
      San Jose, CA 95113

Honorable Stephen L. Johnson

**OPPOSITION TO MOTION FOR RELIEF FROM STAY**

    Debtor, Jamshid Daryanabard, ("Debtor") by and through his attorneys, The Law Offices of David A. Boone, hereby opposes the Motion for Relief from Stay *Nunc Pro Tunc* filed by Peter Pirouzkar ("Creditor") as follows:

    1.    Creditor is individual and special administrator of the Estate of Mahin Pirouzkar - Creditor's deceased mother. Creditor seeks relief from the automatic stay so that they may continue their litigation against Debtor in the Santa Clara Superior Court for alleged money owed, pursuant to purported unpaid loan(s) provided by Mahn Pirouzkar.

    2.    Specifically Creditor seeks relief from stay so that they may amend the state court complaint and add causes of action relating to purported financial elder abuse and fraud.

    3.    However, Creditor has already filed an adversary complaint in connection with the above-captioned bankruptcy proceeding, which includes the same causes of action alleged in the state court complaint in addition to causes of action relating to financial abuse and fraud.

    4.    The adversary complaint provides that the issues presented are core proceedings pursuant to § 157(b)(2)(F) and that Creditor consents to adjudication of the issues by this Court.

5. Although creditor alleges that the underlying debt is non-dischargeable, Creditor does not assert that said debt is subject to any secured or priority status.

6. Relief from the automatic stay would greatly affect Debtor's ability to perform his financial obligations under his proposed Chapter 13 Plan and consequently affect the Chapter 13 Trustee's ability to administer payments under the Plan. Debtor is 79 years old and lost his grocery store business after the owner evicted all tenants and sold the property for a residential development. Debtor is currently looking for a part-time job in a grocery store.

7. Should the Court grant Creditor relief from stay and Creditor obtains a judgment against Debtor in state court, Creditor would be free to pursue collections on said claim, including obtaining wages garnishments and levy orders, while Debtor is in the underlying Chapter 13 bankruptcy. This would unquestionably hinder Debtor's ability to complete his Chapter 13 bankruptcy and obtain a discharge, thereby denying his ability to obtain a fresh start, which is the fundamental purpose of the bankruptcy code.

8. Appropriate factors to consider when determining if relief from the automatic stay should be granted to allow a nonbankruptcy proceeding to continue include judicial economy and the expertise of the nonbankruptcy forum. *MacDonald v. MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). Legal prejudice to the parties should also be considered. *Ozai v. Tabuena*, 34 B.R. 764, 766 (9th Cir. BAP 1983).

9. Here, Defendant's claims of financial abuse and fraud are not unique nor particular complicated issues which would benefit from the expertise of the state court.

10. Furthermore, prejudice to the parties and judicial economy factors favor against granting Creditor's request for the following reasons: Creditor's state court claims are mirrored in their adversary complaint; Creditor consented to have their claims heard in this Court when they filed their adversary complaint; unlike the state court complaint in which Creditor seeks to amend to include claims for financial abuse and fraud, the present adversary complaint already contains said causes of action and does not require an amended Complaint prior to the litigation proceeding.

11. Lastly, even if the obligation is found to be a non-dischargeable debt- which it is

Case: 19-52067    Doc# 30    Filed: 02/04/20    Entered: 02/04/20 11:50:30    Page 2 of 3

not - it should still remain subject to the automatic stay during the pendency of Debtor's bankruptcy proceeding.

**WHEREFORE**, Debtor requests that the Court deny Creditor's motion for relief from the automatic stay.

Respectfully Submitted:

**LAW OFFICES OF DAVID A. BOONE**

Dated: February 4, 2020

By  /s/ David A. Boone
DAVID A. BOONE, Attorney for Debtor(s)